**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

Docket Number(s): 25-1782

Caption [use short title]

Motion for: Extension of time to file response

Set forth below precise, complete statement of relief sought:

Because Defendant-Appellee's incarceration imposes substantial constraints on his ability to participate in his defense, Defendant-Appellee requests an extension of time to file his response brief to July 17, 2026 and Appellant's time to file its reply brief to August 21, 2026.

United States of America

v.

Avraham Eisenberg

MOVING PARTY: Avraham Eisenberg

OPPOSING PARTY: United States of America

☐ Plaintiff   ☑ Defendant

☐ Appellant/Petitioner   ☑ Appellee/Respondent

MOVING ATTORNEY: Phara A. Guberman

OPPOSING ATTORNEY: Thomas S. Burnett

[name of attorney, with firm, address, phone number and e-mail]

Foley & Lardner LLP

90 Park Avenue, New York, NY 10016

(212) 338-3514; phara.guberman@foley.com

United States Attorney's Office for the Southern District of New York

One St. Andrew's Plaza, New York, NY 10007

(212) 637-1064; thomas.burnett@usdoj.gov

Court- Judge/ Agency appealed from: Southern District of New York - Hon. Arun S. Subramanian

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes   ☐ No (explain):

Opposing counsel's position on motion:
☑ Unopposed   ☐ Opposed   ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes   ☑ No   ☐ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**

Has this request for relief been made below?   ☐ Yes ☐ No

Has this relief been previously sought in this court?   ☐ Yes ☐ No

Requested return date and explanation of emergency:

Is the oral argument on motion requested?   ☐ Yes   ☑ No (requests for oral argument will not necessarily be granted)

Has the appeal argument date been set?   ☐ Yes   ☑ No   If yes, enter date:

**Signature of Moving Attorney:**

/s/ Phara A. Guberman   Date: 3/5/2026   Service: ☑ Electronic   ☐ Other [Attach proof of service]

Form T-1080 (rev. 10-23)

# No. 25-1782

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

_____

UNITED STATES OF AMERICA,

*Plaintiff–Appellant,*

*v.*

AVRAHAM EISENBERG,

*Defendant–Appellee.*

_____

Appeal from a Judgment of the United States District Court for the
Southern District of New York
Honorable Arun Subramanian

_____

## UNOPPOSED MOTION OF APPELLEE AVRAHAM EISENBERG FOR A PROCEDURAL ORDER EXTENDING TIME TO FILE RESPONSE BRIEF

Sanford N. Talkin, Esq.
Noam Greenspan, Esq.
Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place, 18th Floor
New York, NY 10005
Tel.: (212) 482-0007
       (212) 584-0150
samt@talkinlaw.com
ngreenspan@talkinlaw.com

Phara A. Guberman, Esq.
Kenneth Breen, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Tel.: (212) 338-3514
       (212) 338-3503
phara.guberman@foley.com
kenneth.breen@foley.com

*Counsel for Defendant-Appellee*
*Avraham Eisenberg*

March 5, 2026

.

## SUMMARY OF RELIEF REQUESTED

Pursuant to Local Rule 27.1(f), Appellee Avraham Eisenberg requests an order granting an extension of time for his response brief, extending the current due date of March 23, 2026, to July 17, 2026. Appellee's incarceration imposes substantial constraints on his ability to participate in his defense; the extension will allow sufficient time for him to assess the Government's opening brief and confer with counsel to produce an effective response brief. Counsel for the Government consents to this motion.

## GROUNDS FOR RELIEF REQUESTED

Under Local Rules 27.1(f) and 31.2(c), a party may seek an extension of time to file a brief based on extraordinary circumstances. Appellee, who had been very involved in every step of this litigation, is currently incarcerated at FCI Fort Dix and is facing significant obstacles and delays in communicating with his counsel regarding this case thereby significantly impeding his ability to assist counsel with the preparation of his responsive brief. Difficulties include prolonged delays in receiving emails, which are often held for weeks before being delivered to or from Appellee or, in many instances, never delivered at all; strict limitations on his ability to meet with counsel in person; restricted opportunities for communication via phone conference; and resulting substantial constraints on Appellee's ability to review draft filings and provide feedback. These barriers have materially delayed Appellee's

2

capacity to collaborate meaningfully with counsel in the preparation of his response brief in this technically and legally complex appeal.

Mr. Eisenberg frequently attempts to send counsel emails with his notes regarding, among other things, legal questions, factual analysis, and comments he has to counsel's written work product. Such emails received from the client last week had been delayed at least ten days. On numerous other occasions, the emails sent to or from Mr. Eisenberg did not arrive at all.

Because of these impediments with emails correspondence, attorneys for Mr. Eisenberg  have attempted on several occasions to set up phone conferences with him via the processes required by the Bureau of Prisons ("BOP"). Since the government's appeal was filed, counsel has only been able to have only three such conference calls, each taking multiple weeks and persistent requests to set up with the staff at FCI Fort Dix. During these calls, the client was unable to bring any materials with him and none could be displayed to him so his ability to comment on work product was hampered. Mr. Eisenberg is permitted to make unscheduled outgoing calls to counsel, but these are limited to fifteen minutes in duration and can involve only one call recipient because counsel is prohibited from connecting any other lines to the call. Moreover, because these calls are not pre-scheduled, the calls are at least initially monitored and although these calls are privileged communications, counsel has concerns that the privileged nature of the calls cannot

3

be ensured. Mr. Eisenberg is required to make these calls from a public location within his housing unit where privacy is virtually nonexistent.

These limitations have amplified the necessity for in-person visits, but these too are very difficult to schedule. Counsel received multiple conflicting instructions regarding the forms necessary to receive clearance to be added to Mr. Eisenberg's visitation list with the BOP. As a result, the process of clearance took months despite counsel's diligent efforts to comply. Since that time, counsel has been advised that visits are only permitted on weekends and federal holidays and that during such visits, Mr. Eisenberg cannot bring any materials, such as his personal notes, into the visiting room and no documents may be given to him. Computer equipment and other digital devices have not yet been permitted. Counsel's use of pens has also been limited. Round-trip travel time for counsel to visit Mr. Eisenberg from New York City to FCI Fort Dix often exceeds five hours. Nevertheless, attorneys from Talkin, Muccigrosso & Roberts LLP visited Mr. Eisenberg on a Sunday and attorneys from Foley & Lardner visited him on a federal holiday. On each occasion, counsel and Mr. Eisenberg met in an unheated conference room while wearing winter coats on days where the temperatures were well below freezing.

The requested extension will mitigate these challenges, ensuring that Appellee is afforded a fair opportunity to review the Government's opening brief, engage with counsel, and contribute to the presentation of his arguments in opposition to the

government's appeal.[1]    This motion is timely, as counsel recently transmitted a draft of the response brief to Appellee for review, illuminating the full extent of these communication impediments and confirming the necessity for additional time. Accordingly, Appellee brings this request at the earliest practicable moment after becoming aware of the gravity of, and inability to remedy, these limitations. No prior request for an extension has been made.

On March 5, 2026, attorneys for Avraham Eisenberg asked the Government's position on a 60-day extension of the deadline to file Mr. Eisenberg's appellee brief to June 19, 2026. The Government was not opposed, in principle, to that request.   However, the two Assistant United States Attorneys who tried *United States v. Eisenberg*, and are responsible for handling this appeal, will be participating in a separate trial before The Honorable Gregory H. Woods that is scheduled to begin June 15, 2026 and may last more than a month.   That trial, and preparing for that trial, would inhibit the Government's ability to prepare a reply if Mr. Eisenberg's brief were due June 19, 2026.   Accordingly, the Government proposed, and the defense agreed, to a deadline for the appellee brief on July 17, 2026 and a deadline for the reply brief on August 21, 2026.

---

[1] While Mr. Eisenberg's release date is currently September 5, 2026, there is a strong possibility that Mr. Eisenberg will very soon be placed in a "halfway house" that will improve challenges to communication with Mr. Eisenberg and additionally allow Mr. Eisenberg to meet with counsel at their offices.

## CONCLUSION

For these reasons, Appellee respectfully requests that the Court extend Appellee's time to file his response brief to July 17, 2026 and Appellant's time to file its reply brief to August 21, 2026.

Dated: March, 5 2026

/s/ Phara A. Guberman

Phara A. Guberman, Esq.
Kenneth Breen, Esq.
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Tel.: (212) 338-3514
        (212) 338-3503
phara.guberman@foley.com
kenneth.breen@foley.com


Sanford N. Talkin, Esq.
Noam Greenspan, Esq.
Talkin, Muccigrosso & Roberts, LLP
40 Exchange Place, 18th Floor
New York, NY 10005
Tel.: (212) 482-0007
        (212) 584-0150
samt@talkinlaw.com
ngreenspan@talkinlaw.com

*Counsel for Defendant-Appellee*
*Avraham Eisenberg*

.

## <u>CERTIFICATE OF COMPLIANCE</u>

This Motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because it contains 1,058 words, excluding the parts of the motion exempted by Fed. R. App. P. 32(f). This motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman and 14 Point Type.

*/s/ Phara A. Guberman*
Phara A. Guberman

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 5, 2026, an electronic copy of the foregoing was filed with the Clerk of Court using the ACMS system and was served upon all counsel appearing in this case by the ACMS system.

/s/ *Phara A. Guberman*
Phara A. Guberman

*Counsel for Defendant-Appellee*
*Avraham Eisenberg*